**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § § § § § § § § § § § § § § § § § § § § § § | Case No. _____ |
| Plaintiff, | | Jury Trial Requested |
| v. | | |
| MEDIATEK INC.; MEDIATEK USA INC.; RALINK TECHNOLOGY CORP. (USA); RALINK TECHNOLOGY CORP. (TAIWAN); REALTEK SEMICONDUCTOR CORP.; TEXAS INSTRUMENTS INC.; AMAZON.COM, INC.; BARNES & NOBLE, INC.; NOKIA CORP.; NOKIA, INC.; SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, LLC; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; | | |
| Defendants. | | |

**COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH
<u>ORGANISATION'S COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Commonwealth Scientific and Industrial Research Organisation ("CSIRO" or "Plaintiff") hereby submits this Complaint against Chipmaker Defendants: MediaTek Inc.; MediaTek USA Inc.; Ralink Technology Corp. (USA); Ralink Technology Corp. (Taiwan); Realtek Semiconductor Corp.; and Texas Instruments Inc.; and Customer Defendants: Amazon.com, Inc.; Barnes & Noble, Inc.; Nokia Corp.; Nokia, Inc.; Samsung Electronics Co. Ltd.; Samsung Electronics America, LLC; and Samsung Telecommunications America, LLC (collectively "Defendants"); and states as follows:

## THE PARTIES

1.      CSIRO is one of the largest and most diverse scientific research institutions in the world, and has a principal place of business at Limestone Avenue, Campbell ACT 2612, Australia.

2.      CSIRO is informed and believes, and on that basis alleges, that Defendant MediaTek Inc. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 1, Dusing 1st Rd., Hsinchu Science Park, Hsinchu 30078, Taiwan, R.O.C.

3.      CSIRO is informed and believes, and on that basis alleges, that Defendant MediaTek USA Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 2860 Junction Ave., San Jose, California 95134-1922.

4.      CSIRO is informed and believes, and on that basis alleges, that Ralink Technology Corporation (Taiwan) is a subsidiary of MediaTek Inc.  Ralink Technology Corporation (Taiwan) is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 5F, No.5, Tai-Yuen 1st St., Jhubei City, Hsin-Chu Hsien 30265, Taiwan, R.O.C.

5. CSIRO is informed and believes, and on that basis alleges, that Ralink Technology Corporation (USA) is a subsidiary of MediaTek USA Inc.  Ralink Technology Corporation (USA) is a corporation organized and existing under the laws of California, having a principal place of business at 2860 Junction Avenue, San Jose, California 95134.

6. CSIRO is informed and believes, and on that basis alleges, that Defendant Realtek Semiconductor Corp. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C.

7. CSIRO is informed and believes, and on that basis alleges, that Defendant Texas Instruments Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 12500 TI Boulevard, Dallas, Texas 75243.

8. CSIRO is informed and believes, and on that basis alleges, that Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of Washington, having a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.  Amazon is registered to do business in Texas and can be served with process through its registered agent, Corporation Service Company DBA CSC Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. CSIRO is informed and believes, and on that basis alleges, that Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 122 Fifth Avenue, New York, New York.  Barnes & Noble is registered to do business in Texas and can be served with process through its registered agent, Capitol Corporate Services, Inc. 800 Brazos, Suite 400, Austin, Texas 78701.

10. CSIRO is informed and believes, and on that basis alleges, that Defendant Nokia Corp. is a corporation organized and existing under the laws of Finland, having a principal place of business at Keilalahdentie 2-4, FI-02150, Espoo, Finland.

11. CSIRO is informed and believes, and on that basis alleges, that Defendant Nokia, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 6021 Connection Drive, Irving, Texas 75039.

12. CSIRO is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co. Ltd. is a corporation organized and existing under the laws of Republic of Korea, having a principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.

13. CSIRO is informed and believes, and on that basis alleges, that Samsung Electronics America, LLC is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of New York, having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

14. CSIRO is informed and believes, and on that basis alleges, that Samsung Telecommunications America, LLC is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of Delaware, having a principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

## JURISDICTION AND VENUE

15. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendants have done business in this District, have committed and/or induced acts of

infringement in this District, and/or continue to commit and/or induce acts of infringement in this District, entitling CSIRO to relief.

## INFRINGEMENT OF U.S. PATENT NO. 5,487,069

16. On January 23, 1996, United States Patent No. 5,487,069 (the "'069 Patent") was duly and legally issued for inventions entitled "Wireless LAN." CSIRO holds all rights and interest in the '069 Patent. A true and correct copy of the '069 Patent is attached hereto as Exhibit A.

17. On March 15, 2011, the PTO issued an Ex Parte Reexamination Certificate. In the Certificate the PTO deemed patentable without amendment all of the existing claims of the '069 Patent which are asserted by CSIRO in this matter while also deeming patentable new Claims 73-152. A true and correct copy of the March 15, 2011 Ex Parte Reexamination Certificate is attached hereto as Exhibit B.

18. On July 3, 2012, the PTO issued an Ex Parte Reexamination Certificate. In that Certificate the PTO confirmed the patentability of new claims and all of the claims allowed by the March 15, 2011 Ex Parte Reexamination Certificate which are asserted by CSIRO in this matter, while also deeming patentable new Claims 153-158 and deeming claims 64 and 68 patentable as amended. A true and correct copy of the July 3, 2012 Ex Parte Reexamination Certificate is attached hereto as Exhibit C.

19. Upon information and belief, Defendants have directly infringed and/or induced the infringement of the '069 Patent, including both the original claims and the new claims allowed in the reexamined patent, and continue to do so.

20. Upon information and belief, Defendants have infringed directly and indirectly and continue to infringe directly and indirectly the '069 Patent. Defendants infringe the '069

Patent through the manufacture, use, sale, or offer for sale within the United States or the importation into the United States of products which are operable according to the Institute of Electrical and Electronics Engineers ("IEEE") 802.11a, g, n, and/or draft n standards.  The accused products do not include products which are licensed pursuant to the terms of a valid '069 Patent license agreement.  Defendants are liable for infringement of the '069 Patent pursuant to 35 U.S.C. § 271.

21.     Upon information and belief, Defendants indirectly infringe one or more claims of the '069 Patent by active inducement under 35 U.S.C. § 271(b).  Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import products which are operable according to the 802.11a, g, n, and/or draft n standards and thereby infringe the '069 Patent.  The Chipmaker Defendants have done so by acts including but not limited to selling integrated circuit (IC) chips to their direct and indirect customers (including but not limited to the Customer Defendants) intending that the IC chips be used to make products which are operable according to the 802.11a, g, n, and/or draft n standards; marketing the infringing capabilities of such products; and providing instructions, designs, schematics, testing, components, technical support, and/or marketing support for such products.  The Customer Defendants have done so by acts including but not limited to selling products which are operable according to the 802.11a, g, n, and/or draft n standards to their direct and indirect customers; marketing the infringing capabilities of such products; and providing instructions, technical support and other support and encouragement for the use of such products.  Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale and/or importation of infringing products in the United States.

22. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '069 Patent. Defendants MediaTek Inc. and MediaTek USA Inc., actually knew of, or were willfully blind to, the '069 Patent no later than October 2011. Defendants Ralink Technology Corporation (Taiwan) and Ralink Technology Corporation (USA) actually knew of, or were willfully blind to, the '069 Patent no later than May 2005. Defendant Realtek Semiconductor Corp. actually knew of, or was willfully blind to, the '069 Patent no later than September 2007. Defendant Texas Instruments Inc. actually knew of, or was willfully blind to, the '069 Patent no later than July 2007. Defendant Amazon actually knew of, or was willfully blind to, the '069 Patent no later than June 2012. Defendant Barnes & Noble actually knew of, or was willfully blind to, the '069 Patent no later than June 2012. Defendants Nokia Corp. and Nokia, Inc., actually knew of, or were willfully blind to, the '069 Patent no later than March 2011. Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, and Samsung Telecommunications America, LLC, actually knew of, or were willfully blind to, the '069 Patent no later than January 2008. CSIRO is informed and believes that Defendants actually knew of, or were willfully blind to, the existence of the '069 Patent well before these dates. Despite such knowledge, Defendants have continued to infringe the '069 Patent.

23. The acts of infringement by Defendants have caused damage to CSIRO and CSIRO is entitled to recover from Defendants the damages sustained by CSIRO as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of CSIRO's exclusive rights under the '069 Patent by Defendants has damaged and will continue to damage CSIRO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

24. Upon information and belief, Defendants have knowledge of their infringement of the '069 Patent, yet Defendants continue to infringe said patent. The infringement of the '069 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling CSIRO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

25. CSIRO hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, CSIRO requests entry of judgment in its favor and against Defendants as follows:

    a. A declaration that Defendants, and each of them, have infringed and are infringing the '069 Patent;

    b. An Order permanently enjoining Defendants, their officers, agents, employees, and those acting in privity with them, from further direct and/or indirect infringement of the '069 Patent;

    c. An award of damages to CSIRO arising out of the infringement of the '069 Patent by Defendants, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

    d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

    e. Granting CSIRO its costs and further relief as the Court may deem just and proper.

Dated: August 27, 2012 Respectfully submitted,

/s/ S. Calvin Capshaw
James M. Wagstaffe (CA Bar No. 95535)
Michael Ng (CA Bar No. 237915)
Daniel A. Zaheer (CA Bar No. 237118)
Maria Radwick (CA Bar No. 253780)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-371-8500
Facsimile: 415-371-0500
E-mail: wagstaffe@kerrwagstaffe.com
E-mail: mng@kerrwagstaffe.com
E-mail: zaheer@kerrwagstaffe.com
E-mail: radwick@kerrwagstaffe.com

S. Calvin Capshaw (TX Bar No. 03783900)
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Frederick G. Michaud (DC Bar No. 177675)
**CAPSHAW DERIEUX, LLP - WASHINGTON**
1801 Florida Avenue, NW
Washington, DC 20009
Telephone: 202-588-1960
Facsimile: 202-588-1961
E-mail: fmichaud@capshawlaw.com

Michael F. Heim (TX Bar No. 09380923)
Nate Davis (TX Bar No. 24065122)
Miranda Y. Jones (TX Bar No. 24065519)
**HEIMM PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: 713-221-2000
Facsimile: 713- 221-2021
E-mail: mheim@hpcllp.com
E-mail: ndavis@hpcllp.com
E-mail: mjones@hpcllp.com

**ATTORNEYS FOR PLAINTIFF COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION**