**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>                      Plaintiff,<br><br>           v.<br><br>MEDIATEK INC, et al.,<br><br>                      Defendants. | Case No. 6:12-cv-00578-LED<br><br>**JURY TRIAL REQUESTED** |

**DEFENDANT BARNES & NOBLE, INC.'S OPPOSITION TO CSIRO'S OPPOSED
MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

CSIRO's motion seeking leave to amend its infringement contentions directed to Barnes & Noble—to add allegations that the accused Barnes & Noble products may also infringe the '069 patent by complying with the 802.11ac and/or draft ac standards—should be denied. These allegations are not true, and CSIRO has no basis for believing these allegations are true. To the contrary, publicly available information and the discovery Barnes & Noble has already provided in this case confirms that CSIRO's proposed allegations are not true. Barnes & Noble's website and its verified interrogatory responses set forth the <u>only</u> 802.11 wireless standards that the accused Barnes & Noble products support, which do not include the 802.11ac and draft ac standards. Under governing Supreme Court jurisprudence, the Federal Rules of Civil Procedure and Patent Rule 3-1, CSIRO cannot make these speculative and unfounded allegations. Therefore, CSIRO's motion should be denied.

## I. FACTUAL BACKGROUND

CSIRO first provided Barnes & Noble with its proposed Amended Complaint and exemplary P.R. 3-1 contentions on October 1, 2013. (Jaffe Decl. Exh. 1 at 15). Barnes & Noble immediately informed CSIRO that the accused Barnes & Noble products do not support 802.11ac and draft ac standards, explaining that the only standards supported were published on the Barnes & Noble website. Barnes & Noble further informed CSIRO that it would oppose CSIRO's proposed amendments unless CSIRO provided confirmation that its new allegations were not directed to Barnes & Noble. (Jaffe Decl. Exh. 1 at 10, 12 and 14). On October 10, 2013, Barnes & Noble produced relevant excerpts from its website listing 802.11b, g and n as the only standards supported by the accused Barnes & Noble products. (Jaffe Decl. Exh. 2). CSIRO repeatedly refused to provide the requested confirmation, further asserting that it was entitled to discovery on these allegations. (Jaffe Decl. Exh. 1 at 6, 9, 11, 13). In an effort to prevent the motion practice now before the Court, Barnes & Noble provided CSIRO with a supplemental interrogatory response explicitly setting forth the 802.11 standards the accused Barnes & Noble products support, which do not include 802.11ac or draft ac standards. (Jaffe Decl. Exh. 1 at 4; Exh. 3 at pp. 8-9). Moreover, on October 17, Barnes & Noble verified its supplemental response, confirming that the Barnes & Noble accused products only practice 802.11b, g, and n – and not 802.11ac or draft ac standards. (Jaffe Decl. Exh. 1 at 3; Exh. 3).

Three months passed without a word from CSIRO. On January 22, 2014, CSIRO asked whether Barnes & Noble continued to oppose its proposed amendments to the Complaint and infringement contentions. (Jaffe Decl. Exh. 1 at 2). Barnes & Noble reiterated its opposition. (Jaffe Decl. Exh. 1 at 1). On January 23, 2014 CSIRO filed its Amended Complaint without

leave. (Dkt. No. 225). On January 27, 2014, CSIRO filed the present opposed motion for leave.[1]

## II. ARGUMENT

Federal Rule of Civil Procedure 11 explicitly states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—***an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief***, formed after an inquiry reasonable under the circumstances:
>
> \* \* \*
>
> (3) ***the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.***

FED. R. CIV. P. 11 (emphasis added). The pleading standards promulgated by the Supreme Court also demand more. "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ***Factual allegations must be enough to raise a right to relief above the speculative level.***" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).

Here, CSIRO has no reasonable basis to believe that the accused Barnes & Noble products support the 802.11ac or draft ac standards because Barnes & Noble's website and its verified interrogatory responses reveal the opposite – that they indeed do not. (Jaffe Decl. Exh. 2, Exh. 3). Accordingly, CSIRO's request that this Court permit CSIRO to amend its contentions to allege that the accused Barnes & Noble products may support the 802.11ac and

---

[1] As part of its proposed supplementation, Barnes & Noble understands that CSIRO is also seeking to amend its P.R. 3-1 contentions to add the new NOOK GlowLight device to the accused products list, which was released on October 19, 2013. Barnes & Noble has already informed CSIRO that it does not oppose that proposed supplementation. Barnes & Noble only opposes the addition of the 802.11ac and draft ac standards. Notably, like all of the other accused Barnes & Noble products, the only accused standards which the Barnes & Noble NOOK GlowLight supports are 802.11g and n. (Jaffe Decl. Exh. 4).

draft ac standards—without any reasonable basis to believe they do—violates the plain language of Rule 11.

Instead of providing a factual basis for its proposed allegations, CSIRO argues that "the supplemental contentions will clarify that the products that practice the IEEE draft 802.11 ac and ac standards fall within CSIRO's infringement contentions" and "would amend the list of accused products, updating it to reflect information learned from Defendants and CSIRO's additional information concerning the relevant products." (CSIRO Br. at 2.) That argument is belied by the information that CSIRO has learned from Barnes & Noble about the accused products through discovery, as well as the plain language of Patent Rule 3-1, which demands that CSIRO's identification of Barnes & Noble's allegedly infringing products be "as specific as possible":

> "*Separately for each opposing party*, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
>
> \* \* \*
>
> **(b)** *Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. <u>This identification shall be as specific as possible.</u>* Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process."

P.R. 3.1(b) (emphasis added). Because CSIRO knows exactly which allegedly infringing 802.11 standards the accused Barnes & Noble products support, CSIRO's infringement contentions should list only those standards, not standards which CSIRO has no basis to believe are

supported, and are in fact *contradicted* by the evidence.[2] CSIRO's failure to be "as specific as possible" violates the plain language of Patent Rule 3-1.

CSIRO's motion simply ignores the information it has already learned through discovery that proves its proposed allegations against Barnes & Noble are baseless, instead relying on this Court's four factor test for showing good cause to amend. But that reliance is misplaced because the substance of CSIRO's proposed amendments do not satisfy the pleading standards in governing Supreme Court jurisprudence, Federal Rule of Civil Procedure 11, or Patent Rule 3-1. Regardless, CSIRO cannot meet the four-factor test because (1) CSIRO has failed to provide any reason for not accusing 802.11ac or draft ac standards in its March 1, 2013 infringement contentions or for waiting nearly a year before seeking leave to add those standards; (2) CSIRO's proposed amendment is of no importance because discovery has shown Barnes & Noble does not comply with the 802.11ac and draft ac standards; (3) Barnes & Noble will be prejudiced if CSIRO is entitled to amend and then pursue additional discovery directed to its frivolous allegations; and (4) no continuance can cure that prejudice—indeed, CSIRO's expressed intent to use its frivolous allegations as a basis to take unrestricted discovery only exacerbates that prejudice. (CSIRO Br. at p. 6). Accordingly, CSIRO has not shown good cause to amend.

## III. CONCLUSION

Because CSIRO's proposed amendments of its infringement contentions directed to Barnes & Noble violate the governing Supreme Court jurisprudence, Federal Rule of Civil Procedure 11, and Patent Rule 3-1, CSIRO's motion should be should be denied.

---

[2] Notably, the only accused standards which the accused Barnes & Noble products support are 802.11g and n. (Exh. 2, Exh. 3 at pp. 8-9, Exh. 4). Accordingly, CSIRO should be amending its allegations to remove the other 802.11 standards from its contentions, not to add new unsupported standards.

Dated: February 13, 2014          Respectfully submitted,

                                              */s/ Jennifer H. Doan*
                                              Jennifer H. Doan
                                              TX Bar No. 08809050
                                              Christy Samansky Hawkins
                                              TX Bar No. 24085575
                                              HALTOM & DOAN
                                              6500 Summerhill Road, Suite 100
                                              Texarkana, TX 75503
                                              Telephone: (903) 255-1000
                                              Facsimile: (903) 255-0800
                                              jdoan@haltomdoan.com
                                              chawkins@haltomdoan.com

                                              David Eiseman
                                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                              50 California Street, 22nd Floor
                                              San Francisco, CA 94111
                                              Telephone: (415) 875-6600
                                              Facsimile: (415) 875-6700
                                              davideiseman@quinnemanuel.com

                                              Deepa Acharya
                                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                              1299 Pennsylvania Avenue NW, Suite 825
                                              Washington, D.C. 20004
                                              Telephone: (202) 538-8000
                                              Facsimile: (202) 538-8100
                                              deepaacharya@quinnemanuel.com

                                              Joshua Jaffe
                                              QUINN EMANUEL URQUHART & SULLIVAN LLP
                                              51 Madison Avenue, 22nd Floor
                                              New York, NY 10010
                                              Telephone: (212) 849-7000
                                              Facsimile: (212) 849-7100
                                              joshuajaffe@quinnemanuel.com

                                              *Attorneys for Defendant Barnes & Noble, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all plaintiff's counsel of record who are deemed to have consented to electronic service only are being serviced with a copy of this document via electronic mail on February 13, 2014. Any other plaintiff's counsel of record will be served by electronic mail and First Class U.S. mail on this same date.

*/s/ Jennifer H. Doan*
Jennifer H. Doan